PAUL KEVIN NELSON,      )
                       )
      **Plaintiff/Counter-Defendant/**  )
      **Appellee,**             )
                       )    **Davidson Circuit**
**VS.**                    )    **No. 96C-1861**
                       )
**THE APPLICATION GROUP, INC.,**  )
                       )    **Appeal No.**
      **Defendant/Counter-Plaintiff/**  )    **01-A-01-9703-CV-00137**
      **Appellant.**           )

**FILED**

November 14, 1997

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE


## APPEAL FROM THE DAVIDSON FIFTH CIRCUIT COURT
## AT NASHVILLE, TENNESSEE


## HONORABLE WALTER C. KURTZ, JUDGE


Philip D. Irwin, #12128
NEAL & HARWELL, PLC
2000 First Union Tower
150 Fourth Avenue North
Nashville, TN 37219-2498
ATTORNEY FOR PLAINTIFF/COUNTER-DEFENDANT/APPELLEE


W. Reece Willis, III, #15085
WILLIS & KNIGHT
215 Second Avenue, North
Nashville, TN 37201
ATTORNEY FOR DEFENDANT/COUNTER-PLAINTIFF/APPELLANT


## REVERSED, VACATED AND REMANDED.


                    HENRY F. TODD
                    PRESIDING JUDGE, MIDDLE SECTION


CONCUR IN SEPARATE OPINIONS:

WILLIAM C. KOCH, JR., JUDGE
WALTER W. BUSSART, JUDGE

| | | | |
|---|---|---|---|
| PAUL KEVIN NELSON, | ) | | |
| | ) | | |
| Plaintiff/Counter-Defendant/ | ) | | |
| Appellee, | ) | | |
| | ) | Davidson Circuit | |
| VS. | ) | No. 96C-1861 | |
| | ) | | |
| THE APPLICATION GROUP, INC., | ) | | |
| | ) | Appeal No. | |
| Defendant/Counter-Plaintiff/ | ) | 01-A-01-9703-CV-00137 | |
| Appellant. | ) | | |

# O P I N I O N

This appeal involves the action of the Circuit Court in respect to appeals from two judgments of the General Sessions Court which were handled under a single caption and docket number in the Circuit Court and have been certified to this Court as a single appeal.

The defendant-counter plaintiff, The Application Group, Inc. (hereafter "TAG") has appealed from the dismissal of its counter complaint. The plaintiff, Paul Kevin Nelson, has not appealed, but has filed his brief in this Court.

On January 10, 1996, plaintiff filed in General Sessions Court a civil warrant charging TAG with:

> conversion, breach of contract, and breach of quasi-contract for money paid on behalf of defendant.

The warrant was numbered 96GC546 and was served upon TAG, a nonresident corporation through the Secretary of State. On May 1, 1996, the General Sessions Court rendered judgment in favor of the plaintiff, Paul Kevin Nelson, and against the defendant, TAG, for $1,693.54. On May 9, 1996, TAG's appeal was granted to the Circuit Court on bond; and, on May 16, 1996, the warrant was received by the Circuit Court Clerk.

On March 11, 1996, the defendant, TAG, filed in General Sessions Court a civil warrant against Paul Kevin Nelson for:

> amounts due and owing on a sworn account in the amount of
> $3,600.00 for breach of the attached contract, quasi contract
> and quantum meruit.

The warrant was numbered 96GC546CC. No sworn account was attached to the warrant.

On May 1, 1996, the General Sessions Court entered a judgment in favor of TAG and against Paul Kevin Nelson for $-0- and costs.

On May 9, 1996, the General Sessions Judge granted TAG's appeal to the Circuit Court upon Cost Bond.

On May 16, 1996, the warrant was filed in Circuit Court.

On June 24, 1996, under the caption of *TAG v. Nelson* (the countersuit of TAG), TAG filed in Circuit Court a motion for an order setting "this case" for trial. The caption of the motion included the number 96C1861 and the following notice:

> This motion will be presented to the Court for a ruling at 9:00
> A.M. on the 5th day of July, 1996. You are advised that the
> failure to file and serve a timely written response to the motion
> may result in the motion being granted without further hearing.

On December 26, 1996, the Circuit Court entered the following order:

> NELSON, PAUL KEVIN,
>
>     Plaintiff,          No. 96C1861
>
>     v.
>
> APPLICATION GROUP, INC., THE,
>
>     Defendant.

ORDER OF DISMISSAL

It appears to the Court that this cause has not been set for trial within forty-five (45) days.

Therefore, in accordance with Rule 19(b) of Local Rules of Practice of the Courts of Record of Davidson County and Rule 41.02 Tennessee Rules of Civil Procedure this appeal should be dismissed.

It is therefore, ORDERED that the judgment of the General Sessions Court is hereby made a judgment of the Circuit Court.

Further, the costs of this cause are assessed to the Appellant, and/or its surety for which execution may issue, if necessary. (Emphasis supplied)

Local Rule 19 of the Trial Court reads as follows:

(a)     It shall be the duty of the parties and/or their attorneys to determine when a case appealed from the General Sessions Court is filed with the Circuit Court Clerk.

(b)     The case shall be set for trial within forty-five (45) days. If the case is not set within forty-five (45) days, an order will be entered making the judgment of the General Sessions Court the judgment of the Circuit Court with costs taxed to the appellant. At the time the appeal is perfected in the Clerk's Office, the clerk shall give the appellant or his or her attorney written notice of this rule.

(c)     The signature of an attorney or party to an appeal from General Sessions Court shall constitute a certificate under T.R.C.P. 11. [As amended by order entered November 21, 1994, effective January 1, 1995.]

On January 2, 1997, TAG moved the Circuit Court to set aside its December 26, 1996, order pursuant to TRCP Rules 60.02 and 59.04, supported by affidavit that motion to set was filed on June 24, 1996, with notice of hearing thereon July 5, 1996. The affidavit stated further:

Comes the defendant/counter-plaintiff, The Application Group, Inc., pursuant to Tennessee Rule of Civil Procedure 60.02 and/or 59.04, and moves this Court to set aside its Order of Dismissal entered December 20, 1996. Pursuant to Tennessee Rule of Civil Procedure 60.02, the Court, under such terms that are just, may relieve a party from a final judgment upon a showing of mistake, inadvertence or excusable neglect. As demonstrated by the attached Affidavit of defendant/counter-plaintiff's counsel, W. Reese Willis, III, those grounds exist here.

-4-

Wherefore, defendant/counter-plaintiff prays the Court grant this motion and set aside the Order of Dismissal.

Paul Kevin Nelson filed a memorandum in opposition to the motion.

On January 21, 1997, TAG filed the following notice of appeal:

Pursuant to Rule 4 of the Tennessee Rules of Appellate Procedure, notice is hereby given that the Defendant/Counter-Plaintiff, The Application Group, Inc., appeals to the Tennessee Court of Appeals, from the trial court's Order of Dismissal entered in this action on the 20th day of December, 1996, as well as the trial court's denial of Defendant/Counter-Plaintiff's Motion to Set Aside pursuant to Tenn. R. Civ. P. 60.02 and/or 59.04.

On January 24, 1997, the Circuit Court overruled the motion of TAG to set aside the dismissal under Rules 60.02 and 59.04.

On January 29, 1997, the Circuit Court entered the following order:

THE APPLICATION GROUP, INC.,

      Defendant/Counter-Plaintiff,
                    No. 96C1861
v.

PAUL KEVIN NELSON

      Plaintiff/Counter-Defendant

ORDER

This cause came on to be heard on the 17th day of January, 1997, upon the Defendant/Appellant's Motion to Set Aside this Court's Order of Dismissal, pursuant to Tenn. R. Civ. P. 59.04 and 60.02, dated December 20, 1996. Upon said Motion, argument of counsel heard for the respective parties in Court on that date, and the entire record in this cause, it is hereby,

ORDERED, ADJUDGED AND DECREED that:

1. This matter, appealed from the Davidson County General Sessions Court on or about May 16, 1996, was not set for trial within forty-five (45) days as required by Rule 19(b) of the Davidson County Local Rules of Practice;

-5-

2. In accordance with Local Rule 19(b), this Court entered an Order on December 20, 1996, dismissing the Defendant's appeal and making the judgment of the General Sessions Court the judgment of this Court;

3. The Defendant's Motion to Set Aside this Court's Order of December 20, 1996 is not well taken and is hereby denied; and

4. This Court's Order of December 20, 1996, shall remain in full force and effect.

On February 3, 1997, TAG filed notice pursuant to TRAP Rule 24(d) that no transcript or statement of the evidence would be filed.

The technical record was received by the Clerk of this Court on March 20, 1997, and filed on March 31, 1997; and the parties were notified that oral argument, if requested, would be heard on September 29, 1997.

On June 26, 1997, the Clerk of this Court received and filed a "supplemental record" containing the following:

1. Agreed order entered by the Trial Court on June 25, 1997, and reading as follows:

It appearing to the Court that the parties are in agreement that the attached documents should have been included in the record on appeal in this case as attachments to the General Sessions Civil Warrant filed by The Application Group, Inc. and that the Clerk should be directed to prepare and transmit to the Clerk of the Court of Appeals a supplemental record to include said documents.

2. An affidavit of Karen Beaman filed with the Trial Clerk on June 25, 1997, stating:

3. I am thoroughly familiar with and knowledgeable of the amount owed to The Application Group, Inc. by Kevin Nelson, a former employee of the company.

4. To the best of my knowledge, information and belief, Mr. Nelson properly owes The Application Group, Inc. Three Thousand Six Hundred Dollars ($3,600.00). This Affidavit is being given in support of the counter-complaint filed by The Application Group, Inc. against Kevin Nelson,

-6-

styled <u>The Application Group, Inc. v. Paul Kevin Nelson</u>, General Sessions court for Davidson County, Tennessee, Case No. 96CG54CC.

3.      A letter from TAG to Paul K. Nelson dated February 1, 1995.

4.      A letter from TAG to Paul K. Nelson dated December 14, 1995.

TAG, the counter-plaintiff/appellant has presented the following issues for review on appeal:

> 1.      Whether issuance of an order of dismissal based upon an event over which litigant has no control is arbitrary, capricious and a violation of procedural due process?
>
> 2.      Whether Rule 60.02 of the Tennessee Rules of Civil Procedure provides relief for a final judgment upon a showing of mistake, inadvertence or excusable neglect?
>
> 3.      Whether the Trial Court abused its discretion in failing to grant appellant's motion to set aside the order of dismissal pursuant to Rules 60.02 and/or 59.04 when appellant made a proper showing of mistake, inadvertence and/or excusable neglect.

Paul Kevin Nelson, the plaintiff/counter-defendant/appellee presents the following issues:

> A.      Whether Rule 19 of the Davidson County Local Rules of Practice conflicts with the substantive law of the State of Tennessee.
>
> B.      Whether the Trial Court abused its discretion in failing to grant the Appellant's Motion to Set Aside its Order of Dismissal in the underlying action.

Appellant first argues that the Trial Judge erred in overruling its motion for relief under TRCP Rule 60.02 which reads as follows:

> On Motion and upon which terms as are just, the court may relieve a party or the party's legal representative from a <u>final judgment</u>, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect...or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after

the judgment, order or proceeding was entered or taken.
(Emphasis supplied)

This Court has determined that The Application Group did not cause its lawyer's failure to comply with Rule 19; that the lawyer complied with Rule 19 by timely filing a motion to set; that, under the rule, the case was due to be set; that Paul Kevin Nelson did not object to the motion to set and never complained of any delay in setting the case; that Paul Kevin Nelson will not be prejudiced by a delayed trial; and that, under the circumstances of this case, The Application Group should not be penalized for its lawyer's failure to promptly file an order confirming that his motion to set had been granted.

Dismissal is a drastic remedy when the party itself is not at fault, and Rule 60.02(1) relief should be granted when the lawyer realizes his oversight and takes steps to correct it.

The judgment of the Trial Court overruling the Rule 60.02(1) motion is reversed and vacated, and the cause is remanded to the Trial Court for further proceedings in conformity with this opinion. Costs of this appeal are taxed equally, that is, each party shall pay one-half of same.

**REVERSED, VACATED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR IN SEPARATE OPINIONS:

WILLIAM C. KOCH, JR., JUDGE
WALTER W. BUSSART, JUDGE